Edward Q-. Baker, J.
Plaintiffs move to punish defendant, William Howard Melish, for contempt for failure and neglect to deliver to plaintiff, Sidener, possession, use and control of the parish rectory of plaintiff church, and for an order directing delivery of possession of said premises to plaintiff, Sidener, and directing the Sheriff of Kings County to put plaintiff, Sidener in possession of said premises pursuant to section 985 of the Civil Practice Act.
Defendant, Melish, opposes the motion upon the grounds 1) that there is no mandate of the court directing him to vacate the rectory; 2) that plaintiff, Sidener’s right to use the rectory has not been decided as against the prior right to its use by John Howard Melish, defendant’s father, under a resolution of the vestry adopted April 15, 1951; and 3) plaintiff, Sidener’s right of user is nil by reason of the fact that he has failed to perform his correlative duty to conduct religious services.
The vestry resolution of April 15, 1951, referred to in the preceding paragraph is as follows: “ On motion regularly seconded and carried, it was resolved that Dr. Melish [defendant’s father] be accorded the honorary title of Hector Emeritus, that he be granted the privilege of the use of the rectory as long as he wishes and that he be invited to take part in the church services whenever his strength permits.”
*323 Defendant, Melish, asserts, ‘ ‘ I am staying on in the rectory with my father’s consent and with the tolerant acquiescence of the new vestry.”
Pursuant to a decision and order of the Appellate Division, Second Department, a judgment was entered in this action in the office of the Clerk of the County of Kings, on June 27, 1957, in favor of plaintiffs. In said judgment, it was, among other things ordered, adjudged and decreed: “ that plaintiff Sidener is the duly elected, approved and installed rector of plaintiff church; that defendant William Howard Melish’s employment as assistant minister of plaintiff church has terminated; * * * that the defendants, their agents and representatives be and they hereby are enjoined and restrained from interfering with plaintiff Sidener’s control of the worship and spiritual jurisdiction of the parish vested in him as rector thereof, or his use and control of the Church and Parish Buildings with the appurtenances and furniture thereof, for the purposes of his office and for the full and free discharge of all functions and duties pertaining thereto, as provided by Canon 45 of the General Convention of the Protestant Episcopal Church in the United States of America.”
The order and judgment of the Appellate Division was affirmed by the Court of Appeals. (Rector, Churchwardens & Vestrymen of Church of Holy Trinity v. Melish, 3 N Y 2d 476.) Upon the remittitur an order was duly entered making the order and judgment of the Court of Appeals the order and judgment of this court, and a certified copy of said order was duly served upon defendant, Melish. On January 24, 1958, there was served upon said defendant a written demand that he surrender to plaintiff, Sidener, possession, use and control of the church and parish buildings.
Canon 45 of the General Convention, etc., referred to in said judgment provides, insofar as here relevant, as follows:
“ Sec. 1(a). The control of the worship and the spiritual jurisdiction of the Parish, are vested in the Rector, subject to the Rubrics of the Book of Common Prayer, the Canons of the Church, and the godly counsel of the Bishop. All other Ministers of the Parish, by whatever name they may be designated, are to be regarded as under the authority of the Rector.
“ (b). For the purposes of his office and for the full and free discharge of all functions and duties pertaining thereto, the Rector shall, at all times, be entitled to the use and control of the Church and Parish buildings with the appurtenances and furniture thereof.”
*324 It seems to me clear that defendant’s refusal to surrender possession of the rectory or of that portion thereof now occupied by him, is violative of the order and judgment of the court. It is obvious that that refusal is an interference with plaintiff, Sidener’s “ use and control of the Church and Parish buildings * * * for the purposes of his office and for the full and free discharge of all functions and duties pertaining thereto ” and such interference was, by the judgment, specifically enjoined. The argument that plaintiff, Sidener, has no right of user by reason of his failure to conduct religious services is specious. It is true that Dr. Sidener’s right to the. use of the rectory and the other parish buildings is correlative to his duty to perform the functions of his office. However, the performance of those functions was suspended by order of the Bishop who, for reasons by him considered valid, directed that the church be closed pending settlement of the litigation in the courts. His right to make that order is not challenged here; and Dr. Sidener’s obedience to it was required by the canons of the church. His compliance with the Bishop’s order may not be so construed as to bar him from the exercise of rights possessed by him as rector of the church and confirmed by the judgment of the court.
The answering affidavit of William Howard Melish states that he and his family occupy the lower floors of the rectory, and that the upper floors are occupied by his father, Dr. John Howard Melish, by authority of the April, 1951, resolution of the vestry, quoted above. To the extent that that resolution purports to deprive the duly elected and installed rector of the church of the use of the rectory, it would appear to be contrary to the provisions of canon 45 (supra) and, therefore void. That resolution was never approved or authorized by the Bishop who, in a letter dated February 20,1958, addressed to Dr. Melish, wrote as follows:
1 ‘ My dear Dr. Melish:
‘ ‘ I am informed that your son, the Reverend William Howard Melish, has declined to surrender possession of the Church of the Holy Trinity to the Rector, Dr. Herman E. Sidener, and further that he claims you have some right to occupy a portion of the Rectory.
“ You will recall that pursuant to my judgment of March 2, 1949, a Memorandum of Agreement was made for the payment by the Church of the Holy Trinity to you of a retirement allowance equal to the amount which you receive from the Church Pension Fund. No other provision has been authorized or approved by me.
*325 “Under my judgment and the aforementioned Memorandum of Agreement, you remain under the direction and orders of the Bishop. It is my judgment that you should forthwith surrender possession of any portion of the Bectory occupied by you to the Bector. ’ ’
Moreover, the privilege of personal user granted by the resolution was effectively terminated by the resolution of the vestry adopted February 7, 1956 electing Dr. Sidener as rector and granting him the right to occupy the rectory.
The motion will be granted to the extent of directing delivery of possession of the rectory to plaintiff, Sidener, and directing the Sheriff of the County of Kings to put said plaintiff in possession of said premises pursuant to section 985 of the Civil Practice Act, after the expiration of 30 days from date of service of a copy of the order to be entered hereon with notice of entry.